UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA RAMIREZ, et al.,

    Plaintiff,

v.                                             CASE NO.: 8:10-cv-1819-T-23TBM
                                                  (CONSOLIDATED)

FEDERAL BUREAU OF
INVESTIGATIONS, HILLSBOROUGH
COUNTY SHERIFF'S OFFICE, CITY
OF TAMPA, MATTHEW ZALANSKY,
and WILLIAM GERGEL,

    Defendants.
_____/

**ORDER**

On October 18, 2010, the plaintiffs filed a second amended complaint (Doc. 31) in this consolidated action, in which the plaintiffs assert claims under both state law and 42 U.S.C. § 1983 ("Section 1983). The defendants William Gergel and the Hillsborough County Sheriff's Office ("HCSO") move (Docs. 32, 33) to strike and for a more definite statement. The City of Tampa (the "City") also moves (Docs. 34, 35, 36) to dismiss, for a more definite statement, and to strike. The defendant Matthew Zalansky moves (Doc. 37) to dismiss, and the Federal Bureau of Investigation (the "FBI") moves (Doc. 38) to dismiss for failure to state a claim and for insufficient service of process. The plaintiffs respond (Docs. 39, 40, 41, 42, 43, 44, 49) in opposition and stipulate (Docs. 39, 40, 41) to striking both the plaintiffs' request for declaratory relief and the plaintiffs' request for punitive damages. Additionally, the FBI objects (Doc. 47) to the

plaintiffs' case management report (Doc. 46) and argues for a stay of discovery.  A November 22, 2010, order (Doc. 47) construed the objection as a motion to stay discovery and directed the plaintiffs to respond by December 2, 2010, to the extent that the plaintiffs oppose a stay of discovery.  The plaintiffs file no response.

### Background

On August 13, 2010, the plaintiffs filed twelve separate actions and asserted against each defendant the same claim arising from the same criminal investigation. Because each of the twelve actions involved common issues of law and fact and because each plaintiff retained the same counsel, an October 1, 2010, order (Doc. 15) grants the defendants' motions (Docs. 8, 9) to consolidate.  Additionally, the order (Doc. 15) terminates the motions and responses filed by the City, Gergel, and HCSO and permits the defendants to re-file the motions and responses in the consolidated action.

Subsequently, the plaintiffs filed a notice of voluntary dismissal of certain state law claims against HCSO and the City.  Because Rule 41(a), Federal Rules of Civil Procedure, contemplates voluntary dismissal of an "action" rather than certain claims or counts within an action, an October 6, 2010, order (Doc. 19) appropriately construes the notice (Doc. 18) as a motion to file an amended complaint and permits the plaintiffs to file a consolidated, second amended complaint.  On October 18, 2010, the plaintiffs filed a consolidated, second amended complaint with thirteen counts, 662 paragraphs, and 186 "factual allegations common to all counts."  Counts one, two, three, four, and five allege under state law a claim of false arrest against the FBI, HCSO, Gergel, the City,

and Zalansky (respectively); counts six, seven, and eight allege under state law a claim of malicious prosecution against Gergel, Zalansky, the FBI (respectively); and counts nine, ten, eleven, twelve, and thirteen allege under Section 1983 claim of unlawful arrest in violation of the Fourth Amendment against the FBI, HCSO, Gergel, the City, and Zalansky (respectively).

## Discussion

### *1. Motion for a More Definite Statement*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). A Rule 12(e) motion is appropriate if "the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co., Inc. (R & M) v. Badger Design & Constr., Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Aventura Cable Corp. v. Rifkin/Narragansett South Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); see Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008) (finding that the appropriate response to a "shotgun" pleading is a Rule 12(e) motion).[1]

---

[1] "A 'shotgun pleading' is a pleading that 'incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'" Popham v. Cobb County, Ga., 2010 WL 3191711, *3 (11th Cir. 2010) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006)). A shotgun pleading renders the task of determining which factual allegation supports which claim for relief "'virtually impossible.'" 2010 WL 3191711 at *3 (quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir .1996)); see also Thompson v. RelationServe Media, Inc., 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal and dissenting in the cross-appeal).

In arguing for a more definite statement, both Gergel and HCSO assert (Docs. 32, 33) (1) that the plaintiffs repeatedly refer to the "defendants," "without clarifying whether each named [d]efendant is intended"; (2) that a "reasonable reading" of the complaint "demonstrates that it is very unlikely that every time [p]laintiffs state '[d]efendants,' they intend on including each [d]efendant to this lawsuit"; (3) that the plaintiffs repeatedly refer to "law enforcement" "without clarifying which, if any individual [d]efendant is intended"; and (4) that "due to the nature of the allegations in this case, the complexity of the issues presented, the extensive litigation and discovery that has already occurred in the [s]tate criminal case," the plaintiffs should file an amended complaint that "specif[ies] the claims and accusations made against each named [d]efendant and refrain from referring to [d]efendants and/or law enforcement collectively, where possible." The plaintiffs respond (Docs. 39, 40) by citing portions of Gergel's answer to the earlier, unconsolidated complaint and arguing that the response demonstrates that the allegations are not "so vague or ambiguous" as to render impossible a response.

A review of the consolidated, second amended complaint reveals the need for a more definite statement by the plaintiffs. Although the complaint states separately each claim against each defendant, the complaint incorporates by reference every antecedent allegation in each claim for relief. Each fact in the plaintiffs' 186 allegations cannot plausibly pertain to each claim.[2] "Consequently, [the defendant] and the district court [must] . . . sift through the facts presented and decide for themselves which [are]

---

[2] See Thompson, 610 F.3d at 650 n.22.

material to the particular cause of action asserted, a difficult and laborious task indeed."[3] Furthermore, the plaintiffs refer generally to the "Defendants" and "law enforcement" in several pertinent allegations. To the extent possible, the plaintiffs must identify the defendant or law enforcement entity to which each factual allegation pertains, so that the defendants may formulate a proper response and the court may adequately evaluate each claim and defense (e.g., qualified immunity).

*2. Motion to Strike*

The plaintiffs stipulate to striking both the request for declaratory relief and the demand for punitive damages. However, the plaintiffs oppose the City's request to strike paragraph 159, which states that "[d]uring this raid, law enforcement officers can be seen kicking a pregnant woman while she is on her knees with her hands up in the air." The City argues that the allegation merits striking (1) because the plaintiffs fail to identify the pregnant woman, (2) because the allegation is vague and "only generally refers to "law enforcement officers"; and (3) because the allegation is irrelevant to both the factual allegations and the claims asserted by the plaintiffs. The plaintiffs respond that the pregnant woman is the plaintiff Jessica Ramirez and that the allegation "demonstrate[s] the outrageous conduct of the [d]efendants and the trauma and humiliation that the [p]laintiff[]s suffered as a result of the violation of their Constitutional rights."

Rule 12(f), Federal Rules of Civil Procedure, permits striking from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The plaintiffs in this action

---

[3] 610 F.3d at 650 n.22.

assert claims for malicious prosecution and false arrest. Neither the alleged force nor the allegedly "outrageous conduct" by law enforcement nor the alleged trauma and humiliation suffered by the plaintiffs pertains to the plaintiffs' claim. At most, the alleged events are within the realm of evidence, although not within the realm of allegations necessary to a "short, plain statement of facts" constituting a claim for relief. Thus, the allegation is both impertinent and immaterial and merits striking.

*3. Insufficient Service of Process on the United States*

The FBI's motion (Doc. 38) asserts (in part) that the plaintiffs failed to properly serve the FBI, because the plaintiffs "have not served a copy of the summons and complaint upon the United States Attorney . . . [or] sent a copy of each to the Attorney General of the United States" in accord with Rule 4(i)(1),[4] Federal Rules of Civil Procedure. The plaintiffs respond (Doc. 49) and show (1) that the plaintiffs served the FBI with a summons; (2) that the plaintiffs sent by certified mail to both the U.S. Attorney's civil process clerk and the Office of the Attorney General a copy of the second amended complaint; and (3) that the plaintiffs sent by certified mail to both the civil process clerk and the Attorney General a copy of each of the twelve summons issued in each action before consolidation. Accordingly, the plaintiffs demonstrate proper service on the United States.

---

[4] Rule 4(i) states (in relevant part) that, to serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . .

Conclusion

Accordingly, the motions (Docs. 32, 33, 35, 36) for a more definite statement and to strike are **GRANTED**. The plaintiffs may file no later than **December 29, 2010**, a third amended complaint (1) that identifies with specificity the defendant or law enforcement entity to which an allegation pertains and (2) that includes only the allegations material to each claim in each separate count against each defendant. Both the plaintiffs' request for declaratory relief and demand for punitive damages are **STRICKEN**. Additionally, paragraph 159 is **STRICKEN**, and the plaintiffs shall omit the allegation from the third amended complaint. The City's motion (Doc. 34) to dismiss and Zalanzky's motion (Doc. 37) to dismiss are **DENIED AS MOOT**. The FBI's motion (Doc. 38) is **DENIED IN PART** as to insufficient service of process and **DENIED AS MOOT** as to each remaining argument. The FBI's construed motion (Doc. 47) to stay discovery is **GRANTED**, and discovery in this action is **STAYED** pending a resolution of the defendants' motions to dismiss.

ORDERED in Tampa, Florida, on December 14, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE