UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA RAMIREZ, et al.,

    Plaintiff,

v.                                      CASE NO.: 8:10-cv-1819-T-23TBM
                                            (CONSOLIDATED)

FEDERAL BUREAU OF
INVESTIGATIONS, HILLSBOROUGH
COUNTY SHERIFF'S OFFICE, CITY
OF TAMPA, MATTHEW ZALANSKY,
and WILLIAM GERGEL,

    Defendants.
_____/

**ORDER**

In counts eleven and twelve of the fifth amended complaint, (Doc. 104) the plaintiffs assert a claim of malicious prosecution against FBI agents Daniel Wierzbicki and William Slavinski. An August 10, 2011, order (Doc. 111) dismisses the counts. In response and as means to immediately appeal the dismissal, the plaintiffs move (Doc. 115) for certification under Rule 54(b), Federal Rules of Civil Procedure.

Rule 54(b) provides that if "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A district court serves as a "dispatcher" of the action, deciding – in the interest of "sound judicial administration" – the appropriate time each final decision in a multi-party action is ready for appeal. Curtiss-Wright Corp., 446 U.S. 1, 8 (1980).

Rule 54(b) requires a "no just reason for delay" determination as a means to prevent "piece-meal appeals." Curtiss-Wright Corp., 446 U.S. at 8. Before deciding whether "no just reason for delay" exists, a district court must balance (1) judicial administrative interests and (2) the equities involved in certifying a claim for appeal. Curtiss-Wright, 446 U.S. at 8; see also In re Southeast Banking Corp, 69 F.3d 1539, 1546 (11th Cir. 1995) (noting that a district court's assessment of "no just reason for delay" is reviewed under a "clearly unreasonable" standard). A court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360 364 (3d Cir. 1975), overruled in part by Curtiss-Wright, 446 U.S. 1 (1980). Certification assumes the identification of an injustice, caused by delay, avoidable by immediate appeal. In re Southeast Banking Corp., 69 F.3d 1539, 1547 n.2 (11th Cir. 1995); see also Curtiss-Wright, 446 U.S. at 8 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."); Vann v. Citicorp Sav. of Ill., 891 F.2d 1507, 1509-1510 (11th Cir. 1990).

The plaintiffs assert only that a denial of certification and an appellate court reversal of the claims against the agents might cause the plaintiffs to again "work this case up from the beginning stages of litigation through its final disposition." The plaintiffs identify no injustice atypical of a multi-party action and none otherwise appears. Accordingly, the plaintiffs' motion (Doc. 115) for Rule 54(b) certification is **DENIED**.

ORDERED in Tampa, Florida, on October 14, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE